LYDIA BECKER

Plaintiff

vs.

ELYSIAN CHARTER SCHOOL OF HOBOKEN

Defendant

**Person to be served (Name and Address):**
ELYSIAN CHARTER SCHOOL OF HOBOKEN
301 GARDEN ST.
HOBOKEN NJ 07030
**By serving:** ELYSIAN CHARTER SCHOOL OF HOBOKEN

**Attorney:** TY HYDERALLY, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, TRACK ASSIGNMENT NOTICE, CIS

**Service Data:** [X] Served Successfully      [ ] Not Served

**Date/Time:** 05/30/2006  02:20PM      _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: M   AGE: 36-50   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: GRAY   OTHER: MOUSTACHE-GLASSES

**Unserved:**
] Defendant is unknown at the address furnished by the attorney
] All reasonable inquiries suggest defendant moved to an undetermined address
] No such street in municipality
] Defendant is evading service
] No response on:      Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

_____ day of May _____, 2006

Notary Signature: _____

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
Name of Notary    Commission Expiration
My Commission Expires Dec. 7, 2010

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (908) 687-0056

---

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD L 002185 06
3524-0

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.___

Attempts:      Date/Time: _____
               Date/Time: _____
               Date/Time: _____

Name of Person Served and relationship/title:

JOHN MERCADO

MANAGING AGENT

FILED
TEAM #4
JUN 0 5 2006
SUPERIOR COURT OF NJ
COUNTY OF HUDSON
CIVIL DIVISION #8

I, MARK SACRIPANTI,
was at the time of service a competent adult not having a direct interest in the litigation.
I declare under penalty of perjury that the foregoing is true and correct.

_____    5/31/2006
Signature of Process Server       Date

LYDIA BECKER

Plaintiff

vs.

ELYSIAN CHARTER SCHOOL OF HOBOKEN

Defendant

**Person to be served (Name and Address):**
STEVEN FEINSTEIN
112 MADISON ST. 1ST. FLOOR
HOBOKEN NJ 07030
By serving: STEVEN FEINSTEIN

Attorney: TY HYDERALLY, ESQ.

Papers Served: SUMMONS AND COMPLAINT, TRACK ASSIGNMENT
NOTICE, CIS

Service Data:  [X] Served Successfully      [ ] Not Served

Date/Time:  06/06/2006  05:38PM      _____

X] Delivered a copy to him/her personally

] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD L 002185 06

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.___

Attempts:      Date/Time: _____
               Date/Time: _____
               Date/Time: _____

Name of Person Served and relationship/title:

STEVEN FEINSTEIN

SELF

**Description of Person Accepting Service:**

SEX: M  AGE: 36-50  HEIGHT: 5'9"-6'0"  WEIGHT: 161-200 LBS.  SKIN: WHITE  HAIR: BLACK  OTHER:
WEARING-GLASSES

**Unserved:**
] Defendant is unknown at the address furnished by the attorney
] All reasonable inquiries suggest defendant moved to an undetermined address
] No such street in municipality
] Defendant is evading service
] No response on:          Date/Time: _____
                           Date/Time: _____
                           Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

_____ day of June _____, 2006

Notary Signature: _____

_____
Name of Notary

DANA MARIA FURCHAK
NOTARY PUBLIC OF NEW JERSEY
Commission Expiration
My Commission Expires Sept. 13, 2010

I, MARK SACRIPANTI _____,
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_____        6/6/2006
Signature of Process Server        Date

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (908) 687-0056

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY          NJ 07304

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 217-5162
COURT HOURS

                    DATE:      MAY 19, 2006
                    RE:        BECKER VS ELYSIAN CHARTER SCHOOL OF HOBOKEN
                    DOCKET:    HUD L -002524 06

    THE ABOVE CASE HAS BEEN ASSIGNED TO:    TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:    HON FRANCES L. ANTONIN

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM          002
AT:  (201) 795-6116.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 90 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: TY HYDERALLY
                              TY HYDERALLY
                              94 PARK STREET
                              MONTCLAIR          NJ 07042

JULAK6

Law Offices of Ty Hyderally, PC
96 PARK STREET
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-3581
FACSIMILE (973) 509-2003
Attorneys for Plaintiff: LYDIA BECKER

FILED
TEAM #1
MAY 1 7 2006
SUPERIOR COURT OF NJ
COUNTY OF HUDSON
CIVIL DIVISION #7

| | |
|---|---|
| LYDIA BECKER,<br><br>PLAINTIFF,<br><br>VS.<br><br>ELYSIAN CHARTER SCHOOL OF HOBOKEN, STEVEN FEINSTEIN, JOHN DOES 1-10, AND XYZ CORP. 1-10,<br><br>DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: *Hud-L-2524-06*<br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Lydia Becker ("Becker" or "Plaintiff"), by way of this Complaint against the Defendants, Elysian Charter School of Hoboken ("Elysian"), Steven Feinstein ("Feinstein"), John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively the "Defendants") hereby says:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for and under: (1) the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (disability discrimination); (2) the Family Medical Leave Act, 29 U.S.C. § 2651(b) *et seq.*; (3) breach of express and implied contract; (4) breach of the implied covenant of good faith and fair dealing; (5) theft; and (6) wrongful possession.

2. This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3. Venue is appropriate in this court since Defendants have an office and do business in Hudson County, New Jersey; and some of the causes of action occurred in Hudson County, New Jersey.

## II. Parties

4.  During the relevant time period, Plaintiff was a teacher and the Head Teacher of Elysian.

5.  Elysian is located at 301 Garden Street, Hoboken, New Jersey 07030.

6.  During the relevant time period, Feinstein was and still remains the Chairperson of the Board of Directors and resides at 112 Madison Street, 1st Fl., Hoboken, New Jersey 07030.

7.  Defendants are subject to suit under the statutes alleged herein.

8.  At all times referred to in this complaint, employees of the Corporate Defendant, who are referred to herein, were acting within the scope of their employment at the workplace during working hours. Moreover, the Corporate Defendants ratified, embraced and added to their conduct.

## III. Factual Allegations

9.  In approximately, 1997, Becker began working for Elysian.

10.  During her tenure, she received excellent performance evaluations.

11.  Further, Becker received numerous accolades from teachers, parents, students, members of the Board, and officials with the New Jersey Department of Education due to her level of performance and commitment to Elysian.

12.  During the Fall of 2004, Becker started to experience pains and other symptoms that appeared to be related to her heart.

13.  She treated with her doctor, Jeffrey Kocher, M.D., who sent her to a cardiologist, on September 10, 2004.

14.  Becker met with the cardiologist who determined that plaintiff suffered from significant stress and was at risk for having a heart attack.

15.  Becker was then sent for a separate test which reflected that she suffered from elevated stress and a physical impairment that her body was overproducing calcium.

16.  Becker immediately advised defendants of her disability and began a regimen of taking medication to decrease her cholesterol and monitor her calcium levels.

17.  Despite this disability, Becker performed her work duties in an exemplary fashion.

2

18. On June 9, 2005, plaintiff had a breakdown at work due to her medical condition/disability.

19. She met with the school nurse, Diane DeSombre, RN, who took her blood pressure which was seriously elevated.

20. The nurse requested that Becker go home to see her doctor.

21. On June 10, 2005, Becker advised Feinstein of her medical condition and requested medical leave.

22. Due to the facts surrounding plaintiff and her medical condition, she falls under the protections of the statutes plead herein.

23. Feinstein approved the leave, and Becker sent correspondence to the families of school children advising them of her medical condition and stating that she intended to return to work in three weeks.

24. Becker fully intended to return to work; and, during the time period of June 10, 2005 to June 30, 2005, she worked from home, performed limited work duties, and stayed in touch with employees at Elysian and Board Members.

25. Subsequently, Feinstein stayed in touch with Becker and advised her that Elysian needs her to be healthy.

26. However, it is certainly conceivable that Board Members believed that Becker would not return to work during to her serious medical condition.

27. On June 23, 2005, Becker advised that she was on the mend and would return to work.

28. On June 26, 2005, Becker contacted Michael Weinberg, Board Member for Elysian, and he suggested she retire. Plaintiff responded that she would not retire.

29. On June 27, 2005, Feinstein responded by requesting, for the first time, that Becker provide medical documentation of her medical leave.

30. On June 28, 2005, Becker provided the requested medical documentation of her medical condition which reflected a return to work date of July 5, 2005.

31. Two days later, on June 30, 2005, defendants terminated Becker.

32. Feinstein aided and abetted in the violation of the statutes referenced above.

33. Initially, defendants stated that the reason for Becker's termination was due to her illness. However, once defendants' attorneys were more involved in drafting a reason as to why

3

Becker was terminated, this reason changed to incompetency. Defendants then changed the termination reason to nervous breakdown.

34.  Once legal proceedings were commenced, this reason was once again changed to inappropriate behavior.

35.  Further, although Becker had certain contractual rights to appear before the Board before being terminated, defendants violated these contractual rights.

36.  Additionally, there appear to be contractual grievance procedures that Becker initiated that were violated by defendants.

37.  At the time plaintiff was terminated, plaintiff received a salary of $116,000 per annum. Further, plaintiff received benefits such as health care, prescription plan, dental, life insurance, pension, sick leave (12 days per year that carries over with no ceiling), vacation (4 weeks per year), family illness days (approximately 3 per year), personal days (approximately 4 per year), paid holidays and school vacations, course reimbursement, etc.

38.  These benefits of employment make up plaintiff's claim for damages. Further, plaintiff has experienced significant physical and or emotional distress and was diagnosed as suffering from post traumatic stress disorder due to defendant's actions.

## Count I
### (New Jersey Law Against Discrimination)
### (Disability/ Handicap Discrimination)

39.  Plaintiff realleges and incorporates herein the above paragraphs.

40.  The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by discriminating against Plaintiff due to Plaintiff's handicap and/or disability.

41.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional and physical condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to

4

incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

42.     Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count II
### (Family Medical Leave Act, 29 U.S.C. § 2651(b) *et seq.*)

43.     Plaintiff realleges and incorporates herein the above paragraphs.

44.     The foregoing facts and circumstances demonstrate that Defendants have violated the Family Medical Leave Act, 29 U.S.C. § 2651(b) *et seq.* (the "FMLA").

45.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional and physical condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

46.     Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count III
### (Breach of Express and Implied Contract)

47.     Plaintiffs repeat and incorporate herein the above paragraphs.

48.     Defendant's actions give rise to the claim of breach of express and implied contract.

49.     As a direct and proximate result of the actions of Defendant, Plaintiffs have been damaged.

5

## Count IV
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

50.    Plaintiffs repeat and incorporate herein the above paragraphs.

51.    Defendant's actions give rise to the claim of breach of the implied covenant of good faith and fair dealing.

52.    As a direct and proximate result of the actions of Defendant, Plaintiffs have been damaged.

## Count V
### (Theft)

53.    Plaintiff realleges and incorporates herein the above paragraphs.

54.    Plaintiff had numerous personal belongings at her work location.

55.    When she was terminated, she was not allowed to retrieve these personal belongings.

56.    Plaintiff made repeated demand that her personal belongings be returned to her.

57.    However, as of this day, defendants have wrongfully kept possession of plaintiff's belongings.

58.    The value of these personal belongings is in excess of $3,000.

59.    Defendant's actions give rise to the claim of theft.

60.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

## Count VI
### (Wrongful Possession)

61.    Plaintiff realleges and incorporates herein the above paragraphs.

62.    Plaintiff had numerous personal belongings at her work location.

6

63.     When she was terminated, she was not allowed to retrieve these personal belongings.

64.     Plaintiff made repeated demand that her personal belongings be returned to her.

65.     However, as of this day, defendants have wrongfully kept possession of plaintiff's belongings.

66.     The value of these personal belongings is in excess of $3,000.

67.     Defendant's actions give rise to the claim of wrongful possession.

68.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.


WHEREFORE, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A.      Compensatory damages of not less than $500,000;

B.      Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C.      Damages for humiliation, mental and emotional distress;

D.      Statutory damages, if applicable;

E.      Punitive damages and or liquidated damages where permitted by law;

F.      Attorneys' fees and costs of suit;

G.      Lawful interest – including pre-judgment interest on lost wages;

H.      Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I.      Such other, further and different relief as the Court deems fitting, just and proper.

7

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of Plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action. There is currently pending an administrative hearing to pursue issues not plead herein.

8

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:      May 12, 2006

LAW OFFICES OF TY HYDERALLY, PC
*Attorneys for Plaintiff*

By:

TY HYDERALLY, Esq.
*for the Firm*

H:\Law Offices of Ty Hyderally\Becker Lydia\Pleadings\051206.COM.doc

9

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: CK | CG | CA |
| CHG/CK NO. | | |
| AMOUNT: | | |
| OVERPAYMENT: | | |
| BATCH NUMBER: | | |

**ATTORNEY/PRO SE NAME**
TY HYDERALLY, ESQ.

**TELEPHONE NUMBER**
(973) 509-3581

**COUNTY OF VENUE**
HUDSON COUNTY

**FIRM NAME (If applicable)**
LAW OFFICES OF TY HYDERALLY, PC

**DOCKET NUMBER (When available)**
Hud L-2524-06

**OFFICE ADDRESS**
96 PARK STREET
MONTCLAIR, NJ 07042

**DOCUMENT TYPE**
COMPLAINT AND JURY DEMAND

**JURY DEMAND**
[✓] YES  [ ] NO

**NAME OF PARTY (e.g., John Doe, Plaintiff)**
LYDIA BECKER, PLAINTIFF

**CAPTION**
LYDIA BECKER v. ELYSIAN CHARTER SCHOOL OF HOBOKEN, STEVEN FEINSTEIN, JOHN DOES 1-10, AND XYZ CORP. 1-10

**CASE TYPE NUMBER**
(See reverse side for listing)   618

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** [ ] YES [✓] NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** [ ] YES [✓] NO
IF YES, LIST DOCKET NUMBERS

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** [ ] YES [✓] NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
[ ] NONE [✓] UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? [✓] YES [ ] NO
IF YES, IS THAT RELATIONSHIP
[✓] EMPLOYER-EMPLOYEE [ ] FRIEND/NEIGHBOR [ ] OTHER (explain) _____
[ ] FAMILIAL [ ] BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? [ ] YES [✓] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [ ] YES [✓] NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____

WILL AN INTERPRETER BE NEEDED? [ ] YES [✓] NO
IF YES, FOR WHAT LANGUAGE: _____

**ATTORNEY SIGNATURE**
Ty Hyderally /ms

Revised effective 3/1/04